Peck, P. J.
(dissenting in part). I concur with the opinion of the court in its holdings, observations and suggestions, except in its holding that the settlor’s children take remainders and that the decision in Guaranty Trust Co. v. Harris (267 N. Y. 1) is res judicata on that point. The question of the validity of the remainders under section 11 of the Personal Property Law was not presented involved or passed upon in the earlier Harris case and I cannot subscribe to giving that case an interpretation that it is an absolute adjudication, beyond any point involved in that case, that the children took valid remainders under the trust deed and that the remainders must be treated as such in the administration and disposition of the trust estate after the settlor’s death.
As the remainders are here held to be invalid under section 11 of the Personal Property Law, it seems to me that for present purposes they should not be treated as remainders at all, but that the trust estate subject to the annuity and outright gifts should revert to the ancillary executor to be disposed of as shall be directed by the Surrogate’s Court of Yew York County.
Dore, Cohn, Callahan and Shientag, JJ., concur in Per Curiam opinion; Peck, P. J., dissents in part in opinion.
Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs to all the parties appearing and filing separate briefs payable out of the fund. Settle order on notice.